**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 1 5 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**LORI EVANS**                                                                **PLAINTIFF**

vs.                                        No. 4:19-cv- _801_ - JM

**REMINGTON ARMS COMPANY, LLC**                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Lori Evans ("Plaintiff"), by and through her attorneys Stacy Gibson and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against Defendant Remington Arms Company, LLC ("Defendant"), she does hereby state and allege as follows:

### I.        JURISDICTION AND VENUE

1.        Plaintiff brings this action against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee, within the applicable statutory limitations period, as a result of Defendant's failure to pay proper overtime compensation under the FLSA.

2.        This action is also instituted pursuant to the Equal Pay Act of 1963 ("EPA"), as incorporated into the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(d), and the Arkansas Equal Pay Act ("AEPA") at Ark. Code Ann. § 11-4-610.

This case assigned to District Judge _Moody_
and to Magistrate Judge _Volpe_

3.     The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and EPA.

4.     Plaintiff's claims under the AMWA and AEPA form part of the same case or controversy and arise out of the same facts as the FLSA and EPA claims alleged in this complaint.  Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA and AEPA claims pursuant to 28 U.S.C. § 1367(a).

5.     Defendant conducts business within the State of Arkansas from its office in Lonoke.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendant resides in Arkansas, so the State of Arkansas therefore has personal jurisdiction over Defendant.

7.     Plaintiff was employed by Defendant to provide services for Defendant's business in Lonoke. Therefore, the acts alleged in this Complaint had their principal effect within the Western Division of the Eastern District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

8.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.     Plaintiff is a citizen and resident of Lonoke County.

10.    Defendant is a foreign limited liability company, conducting business under the laws of the State of Arkansas, and may be served through its registered agent for

service of process, CT Corporation System, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

## III.    FACTUAL ALLEGATIONS

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Plaintiff was hired to work for Defendant as a Maintenance Planner around May of 2016. She previously worked for Defendant for several years in other capacities.

13.    Defendant directly hired Plaintiff, paid her wages and benefits, controlled her work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

14.    Plaintiff was laid off from her employment with Defendant in July of 2019.

15.    At all relevant times, Plaintiff was an employee of Defendant as defined by the FLSA and AMWA.

16.    At all relevant times, Defendant was Plaintiff's employer and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.    At all relevant times, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and AMWA.

18.    Within the relevant time period, Defendant paid Plaintiff a salary.

19.    Plaintiff's primary duties consisted of ordering parts, scheduling work orders, calling vendors for quotes, and data entry.

20.    During the entirety of Plaintiff's employment, Plaintiff has been classified by Defendant as an exempt employee and is accordingly not paid any overtime premium for hours worked beyond forty (40) in a given workweek.

21.     Plaintiff regularly and typically worked more than forty (40) hours per week while working for Defendant.

22.     Defendant has not paid Plaintiff an overtime premium of one and one-half times her regular rate of pay for all hours worked over forty (40) per week, despite Plaintiff working overtime hours on a regular basis.

23.     Defendant knew that the job duties of Plaintiff required her to work hours in excess of forty (40) per week.

24.     Plaintiff's job duties did not include the management of other employees.

25.     Plaintiff did not have the authority to discipline or fire other employees, nor did Plaintiff make recommendations to Defendant regarding these matters.

26.     Plaintiff's primary duty did not include the exercise of independent judgment with respect to matters of significance.  All purchase orders and vendor quotes were put in for approval by her boss and all vendors were pre-approved.

27.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint

28.     During each of the three (3) years preceding the filing of this Complaint, Defendant employed at least two individuals, including Plaintiff, who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

29.     Within the past three (3) years preceding the filing of this Complaint, Defendant continuously employed at least four employees, including Plaintiff.

30.     Defendant knew, or showed reckless disregard for whether, the way it paid and failed to pay Plaintiff violated the FLSA.

31.     Defendant employed two maintenance planners in addition to Plaintiff, both of whom were male.

32.     The male maintenance planners made over $65,000.00 per year, while Plaintiff's salary was only $50,231.00.

33.     Upon realizing the discrepancy in pay, Plaintiff followed company procedures for pursuing a raise, but was denied.

34.     Upon information and belief, Defendant will claim that other maintenance planners had more managerial and maintenance experience than her.

35.     Managerial experience is not relevant to the performance of a maintenance planner's job, and to the extent it is, Plaintiff has experience filling in as a senior maintenance planner when needed for around ten years and has trained maintenance supervisors, monitored employee disciplinary actions, and performed other managerial roles for Defendant during her previous tenure as an administrative assistant.

36.     The majority of a maintenance planner's job is using the SAP Maintenance system.  Plaintiff has over 22 years of SAP experience.

37.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission around March of 2019, alleging gender discrimination.

38.     Plaintiff was terminated by Defendant in July of 2019, allegedly as a part of a reduction in force.

39.    No other maintenance planner was terminated, despite another maintenance planner having recently been disciplined for falsifying company documents and Plaintiff having a clear disciplinary record.

40.    Plaintiff subsequently amended her Charge of Discrimination to include a claim for retaliation.

41.    Plaintiff was issued a Dismissal and Notice of Rights by the EEOC on September 6, 2019.

## IV.    COUNT ONE: CLAIM FOR VIOLATION OF THE FLSA

42.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

43.    Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA.

44.    Title 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked and to pay one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45.    Defendant's misclassification of Plaintiff as exempt from the overtime requirements of the FLSA resulted in a failure to pay Plaintiff full and complete overtime wages during weeks in which Plaintiff worked more than forty (40) hours.

46.    Defendant willfully and intentionally failed to pay overtime wages in violation of the FLSA.

47.     By reason of the willful and intentional unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including a reasonable attorney's fee, for all violations that occurred within the three years prior to the filing of this Complaint.

48.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## V.     COUNT TWO: CLAIM FOR VIOLATION OF THE AMWA

49.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

50.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

51.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52.     Defendant's misclassification of Plaintiff as exempt from the overtime requirements of the AMWA resulted in a failure to pay Plaintiff full and complete overtime wages during weeks in which Plaintiff worked more than forty (40) hours.

53.     Defendant willfully and intentionally failed to pay minimum and overtime wages in violation of the AMWA.

54.     By reason of the willful and intentional unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs,

including a reasonable attorney's fee, for all violations that occurred within the two years prior to the filing of this Complaint.

55.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.     COUNT THREE: CLAIM FOR VIOLATION OF THE EPA

56.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

57.     29 U.S.C. § 206(d) prohibits employers from paying employees of one sex at a rate less than the rate paid to the opposite sex within the same establishment for equal work on jobs that require equal skill, effort, and responsibility and that are performed under similar working conditions.

58.     Defendant discriminated against Plaintiff on the basis of sex by compensating her at a rate less than the rate at which it pays wages to similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions.

59.     Defendant willfully and/or intentionally failed and/or refused to pay to Plaintiff equal wages as is required under the EPA.

60.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid equal wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VII.    COUNT FOUR: CLAIM FOR VIOLATION OF THE AEPA

61.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

62.    Arkansas Code Annotated § 11-4-610 provides that "[n]o employer shall discriminate in the payment of wages as between the sexes or shall pay any female in his or her employ salary or wage rates less than the rates paid to male employees for comparable work."

63.    Defendant paid Plaintiff less than Defendant's male employees for comparable work.

64.    For Defendant's unlawful discrimination against Plaintiff, pursuant to Ark. Code Ann. § 11-4-610, Plaintiff is entitled to all unpaid equal wages, additional liquidated damages in an amount equal to said unpaid wages, reasonable attorney's fees, as well as her costs and any other legal and/or equitable relief that this Court deems appropriate.

## VIII.    COUNT FIVE: CLAIM FOR RETALIATION UNDER THE FLSA

65.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

66.    Defendant's termination of Plaintiff after the filing of her Charge of Discrimination rather than terminating a male counterpart who had falsified company documents was a direct and willful violation of the FLSA's anti-retaliation provisions at subsection 215(a)(3), which forbids employers from firing or otherwise taking retaliatory action against individuals who have asserted their rights under the FLSA.

67.    Pursuant to the FLSA, employers may not "discharge or in any other manner discriminate against any employee because such employee has filed any

complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."  29 U.S.C. § 215(a)(3).

68.    Plaintiff engaged in protected activity by filing her Charge of Discrimination for violation of the EPA.

69.    Defendant has engaged in a clear act of isolation, identification and retaliation against Plaintiff by terminating her due to Plaintiff's EEOC claim.

70.    Plaintiff should be compensated for lost income due to Defendant's unlawful retaliation, and should be compensated for any pain, suffering or loss of face suffered as a result of Defendant's actions.

71.    Further, punitive damages should be assessed against Defendant for its blatant and willful actions in an effort to retaliate against Plaintiff for asserting her legal rights.

## IX.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Lori Evans respectfully prays for the following relief:

A.    That Defendant be summoned to appear and answer this Complaint;

B.    That Defendant be required to account to Plaintiff and the Court for all the hours worked by Plaintiff and all monies paid to her;

C.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. §516 *et seq*;

D.    A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E.     A declaratory judgment that Defendant's practices alleged herein violate the EPA;

F.     A declaratory judgment that Defendant's practices alleged herein violate the AEPA;

G.     Judgment for damages for all overtime compensation owed to Plaintiff under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

H.     Judgment for damages for all overtime compensation owed to Plaintiff under the AMWA and the related regulations;

I.     Judgment for damages for all unpaid equal wages owed to Plaintiff under the EPA;

J.     Judgment for damages for all unpaid equal wages owed to Plaintiff under the AEPA;

K.     Judgment for liquidated damages pursuant to the FLSA, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

L.     Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

M.     Judgment for liquidated damages pursuant to the EPA;

N.     Judgment for liquidated damages pursuant to the AEPA;

O.     Judgment for punitive damages pursuant to the FLSA;

P.     An order directing Defendant to pay Plaintiff prejudgment interest, a reasonable attorney's fee, and all costs connected with this action; and

Q.     Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

**PLAINTIFF LORI EVANS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com