# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LORI EVANS**                                                                                                               **PLAINTIFF**

vs.                                               No. 4:19-cv-801-JM

**REMINGTON ARMS COMPANY, LLC.**                                              **DEFENDANT**

## JOINT RULE 26(f) REPORT

COME NOW Plaintiff Lori Evans and Defendant Remington Arms Company, LLC, by and through their respective undersigned counsel, and submit the following information in compliance with Federal Rule of Civil Procedure 26(f) and Local Rule 26.1.

1. Any changes in timing, form, or requirements of initial disclosures under Fed. R. Civ. P. 26(a).

    The parties agree to produce and deliver paper or electronic copies of any documents identified in their Initial Disclosures without a formal discovery request, though the parties recognize that they may be unable to produce all such documents on the day Initial Disclosures are due. The parties agree that any documents identified but not produced are subject to the parties' obligation to supplement their discovery disclosures under the Federal Rules of Civil Procedure.

2. Date when initial disclosures were or will be made.

    On or before April 6, 2020.

3. Subjects on which discovery may be needed.

    - All of the elements of Plaintiff's claims and Defendant's defenses to those claims;
    - Issues related to willfulness / intent; and
    - Damages.

4. <u>Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:</u>

   (a) <u>whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;</u>

   The parties anticipate that disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business.

   (b) <u>the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;</u>

   Unknown at this time.

   (c) <u>the format and media agreed to the parties for the production of such data as well as agreed procedures for such production;</u>

   The parties will produce data in electronic format. If the data is ordinarily maintained in paper format, the parties agree to produce the data in electronic format in consecutively paginated bates numbers. The parties agree to produce ESI in electronic format such as PDF, except for spreadsheets, which should be produced in native format such as XLS.

   (d) <u>whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;</u>

   The parties have been made aware of the need to maintain the relevant record taken in the ordinary course of business.

   (e) <u>other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.</u>

   None known at this time.

5. <u>Date by which discovery should be completed.</u>

   September 15, 2020.

6. <u>Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.</u>

      The parties consent to the electronic service of all documents that require service on an opposing party, including but not limited to Initial Disclosures, Interrogatories, Requests for Production of Documents, Requests for Admissions, and Notices of Deposition, as well as Responses to Interrogatories, Requests for Production of Documents, and Requests for Admission, at the primary e-mail address at which each attorney of record receives ECF filings in this case. The parties agree that discovery may be signed by e-signature rather than by hand. The parties agree to produce and deliver paper or electronic copies of any documents which would ordinarily be produced subject to Federal Rules of Civil Procedure 26 or 34.

7. <u>Any Orders, e.g. protective orders, which should be entered.</u>

    None at this time.

8. <u>Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.</u>

    None at this time.

9. <u>Any objections to the proposed trial date.</u>

    None at this time.

10. <u>Proposed deadline for joining other parties and amending the pleadings.</u>

    June 3, 2020.

11. <u>Proposed deadline for completing discovery.</u>

    September 15, 2020.

12. <u>Proposed deadline for filing motions other than motions for class certification.</u>

    October 15, 2020, except for motions in limine, which should be filed no later than 14 days before trial.

13. <u>Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification.</u>

    N/A.

FEC\22253\0008\7535485.v1-3/3/20

Respectfully submitted,

**PLAINTIFF LORI EVANS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Stacy Gibson
Ark. Bar No. 2014171
stacy@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**REMINGTON ARMS COMPANY, LLC**

FRIDAY, ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 370-1526
Facsimile: (501) 244-5348

Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com